**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

In re:                                                              Chapter 13

      **MICHAEL ARYEH,**
      f/k/a Michael Haymov,                          Case No. 8-23-73858-spg
      Debtor.

-------------------------------------------------------------------------X

### DECLARATION IN SUPPORT OF MOTION OF NAM FUNDING LLC
### FOR RELIEF FROM THE AUTOMATIC STAY

PETER CHATZINOFF, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury

as follows:

1.  I am an attorney with Dantzig & Zigman, P.C., attorneys for NAM Funding LLC

("NAM"), the movant herein. I am fully familiar with the facts and circumstances set forth in this

Declaration based upon my personal knowledge and my firm's review of records maintained in

the ordinary course of business, including the pleadings and orders in the Nassau Action (defined

below) and the docket of the above-captioned chapter 13 case.

2.  I submit this Declaration in support of NAM's motion (the "Motion") for an order

under 11 U.S.C. § 362(d)(1) modifying, and to the extent necessary annulling, the automatic stay

to permit NAM to continue the Nassau Action as against the Debtor, Michael Aryeh, **solely** to

obtain a judicial and specific accounting and the disclosure of books, records, and information.

The relief NAM seeks in the Nassau Action against the Debtor is purely equitable; NAM does not,

by this Motion, seek any money from the Debtor or from property of the estate.

**The Agreement and the Debtor's Disclosure Obligations**

3.  On or about March 2, 2022, NAM and BMH Capital Funding, LLC ("BMH") entered

into a written agreement entitled "Participation Agreement" (the "Agreement").

4.   Pursuant to the Agreement, NAM funded $9,000,000.00 to BMH's wholly owned subsidiary, Eagle Eye Advance, LLC ("EEA"), in exchange for a defined "Set Return" and "Participant Collections" derived from the parties' merchant-advance business.

5.   The Agreement obligated BMH and EEA, among other things, to provide NAM with access to bank accounts; the material terms and current status of the merchant advances; weekly meetings to review the business; full access to the books and records of BMH and EEA; and the basis for the calculation of the "Participant Collection."

6.   The Debtor, Michael Aryeh, is a managing member of BMH and, together with defendant Benjamin Aryeh, personally guaranteed the "Participation Funding" under the Agreement. Upon information and belief, the Debtor exercises dominion and control over BMH and EEA and over their books and records.

7.   Notwithstanding NAM's repeated demands, BMH, EEA, and the Debtor failed and refused to provide the access, information, and accounting required under the Agreement. That continuing failure to account—not any monetary default—is the circumstance giving rise to the equitable relief sought in the Nassau Action.

**The Nassau Action and the Judgment Against BMH and EEA**

8.   In 2024, NAM commenced the action captioned *NAM Funding LLC v. BMH Capital Funding, LLC, Eagle Eye Advance, LLC, Michael Aryeh, and Benjamin Aryeh*, Index No. 601637/2024, in the Supreme Court of the State of New York, County of Nassau (the "Nassau Action"), asserting two causes of action—for a general judicial accounting and for a specific accounting, seeking to compel the defendants to account for the disposition of the $9,000,000.00 and to disclose the books, records, and financial information required under the Agreement. A true and correct copy of the Verified Complaint is annexed hereto as **Exhibit A.**

9.   The Nassau Action seeks **only** equitable relief, a judicial and specific accounting and disclosure. It does not seek, and NAM does not by this Motion seek, any money judgment against the Debtor or any recovery from property of the Debtor's estate.

10.   By Decision and Order entered October 22, 2024, the Nassau County Supreme Court (Hon. Timothy S. Driscoll, J.S.C.) granted NAM's motion for a default judgment against defendants BMH and EEA. On December 12, 2024, the Court entered Judgment (NYSCEF Doc. No. 28) compelling BMH and EEA to provide the judicial and specific accounting sought in the Complaint. A true and correct copy of the Judgment is annexed hereto as **Exhibit B**.

11.   The Judgment resolves the accounting claims against the two entity defendants but does not adjudicate NAM's identical accounting and disclosure claims against the Debtor, who remains a defendant in the Nassau Action. NAM seeks stay relief so that it may prosecute those claims to a final judgment against the Debtor in the same forum that has already adjudicated the identical claims against his co-defendants.

**The Chapter 13 Case**

12.   On October 17, 2023, the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code. The Debtor's chapter 13 plan was confirmed by order entered March 4, 2025. NAM is a creditor and party in interest in this case.

13.   The Nassau Action named the Debtor as a defendant. To the extent that the naming of the Debtor as a defendant implicated the automatic stay, NAM respectfully requests that the Court annul the stay *nunc pro tunc* to the commencement of the Nassau Action so that the action may be validly continued against the Debtor for the limited equitable purpose described herein. NAM did not act in bad faith, and, because the Nassau Action seeks no monetary relief against the Debtor, annulment will not prejudice the Debtor, the estate, or other creditors.

- 3 -

**Cause for Relief**

14.    Cause exists under 11 U.S.C. § 362(d)(1) to grant the relief requested. The relief sought against the Debtor is purely equitable and will not diminish the estate or affect distributions to creditors; the Nassau Action principally concerns the entity defendants (against whom judgment has already been entered) and the non-debtor guarantor; and considerations of judicial economy strongly favor permitting the single, already-pending accounting action to be completed against the remaining defendant in the forum that has already adjudicated the identical claims. The legal basis for the Motion is set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

15.    No prior request for the relief sought herein has been made to this or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 3, 2026
       Carle Place, New York

                               _____
                               PETER CHATZINOFF