Case 8-23-73858-reg    Doc 47-2    Filed 08/04/26    Entered 08/04/26 13:22:19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

———————————————————————— X           Index Number:

NAM FUNDING LLC,                                    **VERIFIED COMPLAINT**

                                   Plaintiff,

        -against-

BMH CAPITAL FUNDING, LLC,
EAGLE EYE ADVANCE, LLC,
MICHAEL ARYEH, and BENJAMIN ARYEH,

                                   Defendants.
———————————————————————— X

        Plaintiff, NAM FUNDING LLC, by its counsel Law Office of Steven Cohn, P.C., as and for its complaint against the Defendants BMH CAPITAL FUNDING, LLC, EAGLE EYE ADVANCE, LLC, MICHAEL ARYEH and BENJAMIN AREYH, alleges as follows:

        1.      At all times relevant herein, NAM FUNDING LLC (hereinafter "Plaintiff" of "NAM") is a limited liability company duly authorized to do business in the State of New York.

        2.      NAM's principal place of business is in the Village of Great Neck, County of Nassau, in the State of New York.

        3.      At all times relevant herein, upon information and belief, defendant BMH FUNDING, LLC (hereinafter "BMH") is a New York limited liability company.

        4.      At all times relevant herein, upon information and belief, BMH has its principal place of business in the State of New York.

        5.      At all times relevant herein, upon information and belief, BMH is in the business of purchasing future receivables from merchants and purchasing the proceeds of future sales by merchants ("Merchant Advances").

1

Case 8-23-73858-spg Doc 47-2 Filed 08/04/26 Entered 08/04/26 13:22:19

6. At all times relevant herein, upon information and belief, defendant EAGLE EYE ADVANCE LLC, (hereinafter "EEA") is a New York limited liability company.

7. At all times relevant herein, upon information and belief, EEA has a principal place of business in Brooklyn, New York.

8. At all times relevant herein, EEA is a wholly owned subsidiary of defendant BMH.

9. At all times relevant herein, defendant MICHAEL ARYEH is a managing member of defendant BMH.

10. At all times relevant herein, defendant BENJAMIN ARYEH is a member of defendant BMH.

11. On or about March 2, 2022, Plaintiff and BMH entered into a written agreement entitled "Participation Agreement" (hereinafter "the Agreement").

12. Pursuant to the Agreement, *inter alia*, Plaintiff agreed to purchase a participating interest in certain Merchant Advances made by BMH.

13. Pursuant to the Agreement, plaintiff agreed to provide funding in the amount of $9,000,000.00 ("Participation Funding") to BMH's wholly owned subsidiary EEA.

14. Pursuant to the Agreement, the Participation Funding was to be paid by Plaintiff in five monthly installments, in the amount of $1,800,000.00 per installment, commencing on March 3, 2022 and ending on July 3, 2022.

15. Plaintiff provided the $9,000,000.00 in funding to EEA as required under the Agreement.

16. Pursuant to the Agreement, BMH and its affiliates agreed to provide Plaintiff with a "Set Return".

2

Case 8-23-73858-spg Doc 47-2 Filed 08/04/26 Entered 08/04/26 13:22:19

17. Paragraph 4 of the Agreement defines "Set Return" as "nine million dollars ($9,000.000.00) from any of its profits and/or the profits of Eagle Eye Advance in addition to the Participant Collections … ."

18. "Participant Collections" is defined in paragraph 8 of the Agreement as an amount equal to 50% of Merchant Advances collected.

19. The Agreement obligates BMH and EEA to properly collect on the Merchant Advances for the benefit of Plaintiff.

20. Pursuant to the Agreement, BMH and EEA are obligated *inter alia* to:

   a. provide plaintiff with access to bank accounts, without limitation;

   b. provide plaintiff with the material terms relating to Advances and their current status;

   c. meet with plaintiff on a weekly basis to review the business; and

   d. provide plaintiff with access to the books and records of BMH and EEA.

21. Pursuant to the Agreement, defendant Michael Aryeh and defendant Benjamin Aryeh each personally guaranteed the payment of the "Participation Funding" to plaintiff, as defined in the Agreement.

## FIRST CAUSE OF ACTION
(General Judicial Accounting)

22. Plaintiff restates and realleges each and every allegation stated in the preceding paragraphs as if fully stated herein.

23. Plaintiff and defendants entered into the written Agreement.

24. The Agreement was a legally binding and enforceable agreement between the parties thereto.

3

25.     A fiduciary relationship existed between plaintiff and defendants pursuant to the Agreement, whereby plaintiff and defendants were co-participants and joint venturers in the funding of the Company, defendant BMH.

26.     A fiduciary relationship existed between plaintiff and defendants pursuant to the Agreement, whereby plaintiff and defendants were co-participants and joint venturers in the funding of defendant EEA.

27.     A fiduciary relationship existed between plaintiff and defendants pursuant to the Agreement, whereby plaintiff transferred and entrusted its Participation Funding to defendants in the sum of Nine Million Dollars ($9,000,000.00).

28.     A fiduciary relationship existed between plaintiff and defendants pursuant to the Agreement, whereby defendants BMH and EEA are bound to pay to plaintiff a Set Return and a Participant Collection.

29.     In breach of their fiduciary duties, defendants BMH and EEA, under the dominion and control of defendants Michael Aryeh and Benjamin Aryeh, failed to make any payments to plaintiff by BMH or EEA.

30.     Plaintiffs have requested and defendants have refused to provide access to BMH's and EEA's accounts showing where the proceeds of the Participation Funding went and otherwise disclosing the disposition of BMH's assets and funds, or the Merchant Advance accounts BMH ostensibly maintained.

31.     An judicial accounting is necessary to determine, *inter alia*, the amount of profit that BMH and EEA made, the amounts of the "Set Return" and "Participant Collections" due and owing to plaintiff, and to discover the companies and/or individuals to which defendants has improperly transferred BMH assets.

4

## SECOND CAUSE OF ACTION
(Specific Judicial Accounting)

32.     Plaintiff restates and realleges each and every allegation stated in the preceding paragraphs as if fully stated herein.

33.     Plaintiff and defendants entered into the written Agreement.

34.     At all times, NAM performed all of its duties and obligations under the Agreement, including funding Nine Million Dollars ($9,000,000.00).

35.     Defendants BMH and EEA, and defendants Michael Aryeh and Benjamin Aryeh who exercise dominion and control over BMH and EEA, are obligated under the Agreement as follows:

    a.  pursuant to paragraph 6(i) of the Agreement, to provide plaintiff with access to bank accounts;

    b.  pursuant to paragraph 6(ii) of the Agreement, to provide plaintiff with the master spreadsheet recording all Merchant Advances made under the Agreement, the material terms relating to those advances, and their current status;

    c.  pursuant to paragraph 7(a) of the Agreement, to conduct weekly meetings with plaintiff to review the performance of BMH;

    d.  pursuant to paragraph 7(b) of the Agreement, to provide plaintiff with full access to the books and records of Defendant BMH; and

    e.  pursuant to paragraph 10(a) of the Agreement, to provide plaintiff with the basis for the calculations for the "Participant Collection".

36.     Defendants have failed and refused to provide the information, data, access, and documentation required under the Agreement.

5

Case 8-23-73858-reg    Doc 47-2    Filed 08/04/26    Entered 08/04/26 13:22:19

37.    As a result of defendants BMH's and EEA's material breaches of the Agreement, plaintiff has been deprived

38.    By reason thereof, plaintiff is entitled to a specific accounting of all BMH's and EEA's bank accounts and statements; Merchant Advance records, spreadsheets, and general ledger; books and records; calculations and reports of Participant Collection with all supporting, related financial documentation; and all reports that reflect the business performance of BMH and EEA, all as required in the written Agreement between the parties.

WHEREFORE, plaintiff demands judgment in his favor against defendant as follows:

a.  on the First Cause of Action, that defendants provide a judicial accounting to determine *inter alia*, the amount of profit that BMH and EEA made, the amounts of the "Set Return" and "Participant Collections" due and owing to plaintiff, and to discover the companies and/or individuals to which defendants has improperly transferred BMH assets; and

b.  on the Second Cause of Action, that defendants are liable to provide a specific accounting to plaintiff, as required by the binding written agreement between the parties, of all BMH's and EEA's bank accounts and statements; Merchant Advance records, spreadsheets, and general ledger; books and records; calculations and reports of Participant Collection with all supporting, related financial documentation; and all reports that reflect the business performance of BMH and EEA, all as required in the written Agreement between the parties; and

c.  that the Court order the payment of legal fees, costs, disbursements, and such other, further and different relief as may seem just, proper and equitable.

Dated: Carle Place, New York
        January 26, 2024

6

Case 8-23-73858-spg    Doc 47-2    Filed 08/04/26    Entered 08/04/26 13:22:19

LAW OFFICE OF STEVEN COHN, P.C.
*Attorneys for Plaintiff*

By:_____
Peter Chatzinoff, Esq.
One Old Country Road – Suite 420
Carle Place, New York 11514
(516) 294-6410


To:
BMH CAPITAL FUNDING, LLC
254 36th Street, Ste 303
Brooklyn, NY 11232

EAGLE EYE ADVANCE, LLC
254 36th Street, Ste 303
Brooklyn, NY 11232

BENJAMIN ARYEH
600 East 8th Street
Brooklyn, NY  11218

MICHAEL ARYEH
1057 New McNeil Ave
Lawrence, NY 11559

7

Case 8-23-73858-reg Doc 47-2 Filed 08/04/26 Entered 08/04/26 13:22:19

## **VERIFICATION**

STATE OF NEW YORK )
                            ) ss.:
COUNTY OF NASSAU )

IGAL NAMDAR, being duly sworn deposes and says:

I am the managing member of NAM FUNDING LLC, plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

IGAL NAMDAR

Sworn to before me on this
29 day of January, 2024.

Notary Public

JOSEPH LOLOI
NOTARY PUBLIC, STATE OF NEW YORK
No. 02LO6343553
Qualified in Nassau County
Commission Expires 06-13-2024