UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

In re:                                                                                     Chapter 13

     **MICHAEL ARYEH,**

      f/k/a Michael Haymov,                                        Case No. 8-23-73858-spg

      Debtor.

---------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NAM FUNDING LLC FOR RELIEF FROM THE AUTOMATIC STAY

### PRELIMINARY STATEMENT

NAM Funding LLC ("NAM") respectfully submits this Memorandum of Law in support of its motion (the "Motion") for an order under 11 U.S.C. § 362(d)(1) modifying, and to the extent necessary annulling, the automatic stay to permit NAM to continue the action captioned *NAM Funding LLC v. BMH Capital Funding, LLC, Eagle Eye Advance, LLC, Michael Aryeh, and Benjamin Aryeh*, Index No. 601637/2024 (Sup. Ct. Nassau Cty.) (the "Nassau Action"), as against the Debtor, Michael Aryeh, **solely** to obtain the equitable relief of a judicial and specific accounting and the disclosure of books, records, and information.

The Motion presents a straightforward case for relief. The Nassau Action seeks no money from the Debtor, only an accounting and disclosure to which NAM is entitled under the parties' written agreement. Granting relief therefore cannot diminish the estate or reduce any distribution to creditors. Moreover, the Nassau court has already entered a judgment compelling the Debtor's co-defendants, BMH Capital Funding, LLC ("BMH") and Eagle Eye Advance, LLC ("EEA"), to provide the very same accounting; only NAM's identical claims against the Debtor remain. Requiring NAM to litigate those claims anywhere other than the forum that has already adjudicated them against his co-defendants would serve no purpose and would waste judicial and party

resources. As set forth below, the factors that govern "cause" under Section 362(d)(1) uniformly favor relief.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of Peter Chatzinoff, Esq. (the "Declaration") and the exhibits annexed thereto and are incorporated herein by reference. In brief: NAM funded $9,000,000.00 under a written Participation Agreement in exchange for a defined return and an accounting of the parties' merchant-advance business; the Debtor is a managing member of BMH, a guarantor, and, upon information and belief, controls the books and records of BMH and EEA; the defendants failed to provide the required accounting; NAM commenced the Nassau Action seeking a judicial and specific accounting; and, on December 12, 2024, the Nassau court entered Judgment compelling BMH and EEA to provide that accounting. NAM's identical accounting claims against the Debtor remain unadjudicated.

## ARGUMENT

### I.    The Automatic Stay May Be Modified "For Cause" Under Section 362(d)(1), Measured by the Second Circuit's Sonnax Factors.

Section 362(d)(1) provides that the court "shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning" the stay "for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause," and whether cause exists is determined on a case-by-case basis in the discretion of the court. Once the movant makes an initial showing of cause, the burden of proof on all issues other than the debtor's equity in property rests on the party opposing relief. 11 U.S.C. § 362(g).

Where, as here, a party seeks relief to permit litigation to proceed in another forum, the Second Circuit directs courts to weigh the twelve factors set forth in *Sonnax Industries, Inc. v. Tri-*

*Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). Not all of the factors are relevant in every case, and the court need not assign equal weight to each; rather, it considers only those factors relevant to the particular case. The *Sonnax* factors are: (1) whether relief would result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending the action; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) the impact of the stay on the parties and the balance of harms.

## II.  The Relevant Sonnax Factors Uniformly Favor Relief.

The factors relevant to this Motion each favor granting relief.

**Complete resolution (Factor 1).** Continuation of the Nassau Action will result in a complete resolution of NAM's accounting and disclosure claims against the Debtor in a single, existing proceeding. The Nassau court has already adjudicated the identical claims against the Debtor's co-defendants; permitting the action to proceed against the Debtor will resolve all that remains.

**No connection with, or interference with, the bankruptcy case (Factor 2).** The Nassau Action seeks only equitable relief—an accounting and disclosure of books, records, and information. It seeks no money from the Debtor and no property of the estate. Its continuation

therefore has no meaningful connection with, and cannot interfere with, the administration of the chapter 13 case.

**The action primarily involves third parties (Factor 6).** The Nassau Action principally concerns the entity defendants, BMH and EEA—against whom judgment has already been entered—and the non-debtor guarantor, Benjamin Aryeh, as to whom the automatic stay does not apply. Relief will simply allow NAM to complete the action against the one remaining defendant who happens to be in bankruptcy.

**No prejudice to other creditors (Factor 7).** Because NAM seeks no money from the Debtor or the estate, no other creditor can be prejudiced by the relief requested. The equitable accounting NAM seeks will not deplete the estate or diminish any distribution under the confirmed plan; to the contrary, disclosure of the disposition of the $9,000,000.00 and of any improper transfers of assets may benefit the estate and its creditors.

**Judicial economy (Factor 10).** The Nassau court has presided over the Action, entertained NAM's motion for judgment, and entered a Judgment compelling the Debtor's co-defendants to provide the identical accounting. That court is intimately familiar with the parties, the Agreement, and the relief sought, and is best positioned to complete the accounting against the Debtor. Requiring NAM to duplicate that effort in a different forum would waste the resources of the parties and the courts.

**Readiness and balance of harms (Factors 11 and 12).** The Nassau Action is well advanced—judgment has already been entered against the co-defendants. The harm to NAM from being denied the accounting to which it is contractually entitled, and from being unable to trace the disposition of its $9,000,000.00, substantially outweighs any burden on the Debtor, who faces

- 4 -

only an obligation to disclose—not any monetary exposure. The balance of harms tips decidedly in favor of relief.

Weighing them together, the relevant *Sonnax* factors establish cause under Section 362(d)(1) to modify the stay to permit the Nassau Action to proceed against the Debtor for the limited equitable purpose described herein.

## III. Cause Exists to Annul the Stay Nunc Pro Tunc to the Extent Necessary.

Section 362(d) expressly authorizes the court to "annul" the automatic stay, and thus to grant relief with retroactive effect. Because the Nassau Action named the Debtor as a defendant after the petition date, and to the extent that the naming of the Debtor implicated the stay, NAM requests that the Court annul the stay *nunc pro tunc* to the commencement of the Nassau Action so that the action may be validly continued against the Debtor. In determining whether to grant retroactive relief, courts balance the equities, considering, among other things, whether the creditor acted in good faith and whether annulment would prejudice the debtor or the estate. Here, the equities favor annulment: NAM did not act in bad faith; the Nassau Action seeks no monetary relief against the Debtor; no judgment has been entered against the Debtor; and annulment will prejudice neither the Debtor, the estate, nor other creditors.

## CONCLUSION

For the foregoing reasons, NAM respectfully requests that the Court enter an order, substantially in the form of the proposed order submitted herewith, granting the Motion in its entirety and such other and further relief as the Court deems just and proper.

Dated: Carle Place, New York
      August 3, 2026

**DANTZIG & ZIGMAN, P.C.**
*Attorneys for NAM Funding LLC*

By: _____
      Peter Chatzinoff, Esq.

One Old Country Road - Suite 420
Carle Place, NY 11514
(516) 294-6410 x.16
pchatzinoff@dantziglaw.com